# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1653

_____

United States of America,   *
            *
     Appellee,   *  Appeal from the United States
            *  District Court for the District
  v.        *  of Nebraska.
            *
Salvador Ramirez-Becerra,  *   [UNPUBLISHED]
            *
     Appellant.  *

_____

Submitted: March 13, 2006
Filed:  March 20, 2006

_____

Before WOLLMAN, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

The Government charged Salvador Ramirez-Becerra with possession with intent to distribute five hundred grams or more of methamphetamine. Based on this drug quantity, Ramirez-Becerra faced a mandatory minimum sentence of ten years in prison. During the plea hearing, Ramirez-Becerra stated he understood the mandatory minimum sentence was ten years, and pleaded guilty. Later, Ramirez-Becerra did not object to the presentence report, which recommended the statutory minimum sentence of ten years. At the post-Booker sentencing, the parties agreed that the appropriate

range was 120 to 135 months. The district court[*] imposed the statutory minimum of 120 months in prison and five years of supervised release.

On appeal, Ramirez-Becerra contends <u>Harris v. United States</u>, 536 U.S. 545, 568-69 (2002) (holding judges may decide facts giving rise to mandatory minimum sentences) is no longer good law after <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005). We have continued to apply <u>Harris</u> after <u>Booker</u>, however. <u>United States v. Keller</u>, 413 F.3d 706, 710 (8th Cir. 2005). Alternatively, Ramirez-Becerra argues that even if <u>Harris</u> remains good law, <u>Booker</u> required the district court to find drug quantity beyond a reasonable doubt. We have rejected this argument as well. <u>United States v. McKay</u>, 431 F.3d 1085, 1094 (8th Cir. 2005). In this case, there is simply no error under <u>Blakely</u> or <u>Booker</u> because Ramirez-Becerra admitted to possessing the drug quantity that dictated his statutory mandatory minimum sentence. <u>See</u> <u>United States v. Alvarado-Rivera</u>, 412 F.3d 942, 946 n.3 (8th Cir. 2005); <u>United States v. Bolanos</u>, 409 F.3d 1045, 1049 (8th Cir. 2005).

We thus affirm Ramirez-Becerra's sentence.

_____

[*]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.